UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN CESARIO,

Plaintiff,

v.

BIOCEPT, INC.; CBIZ, INC.; MICHAEL W. NALL; CBIZ CPAS, P.C.; BRUCE E. GERHARDT; COOLEY LLP; BRUCE A. HUEBNER; JASON MCCARTHY; MARSHA A. CHANDLER; LIPPERT/HEILSHORN & ASSOCIATES, INC.; JODY CAIN; CHARLES BAIR; TIMOTHY C. KENNEDY; LYLE ARNOLD; MAXIM GROUP LLC; MICHAEL W. BROWN; AEGEA BIOTECHNOLOGIES INC.; CBIZ ADVISORS, LLC; STEPHAN FANUCCI; IVOR ROYSTON; DAVID HALE; MICHAEL RABINOWITZ; PAUL LAROSA; TIPTON EVANS; and ANDREW ROSEN,

Defendants.

Case No.:  23-cv-1803-WQH-BLM

**ORDER**

1

HAYES, Judge:

On December 19, 2025, the Court issued an Order dismissing Plaintiff John Cesario's ("Plaintiff") Third Amended Complaint as to all Defendants in this action, except Biocept, Inc. (the "Dismissal Order"). (ECF No. 198.)

On January 20, 2026, Plaintiff filed a Motion to Alter Judgment (ECF No. 199) and a Motion for Reconsideration (ECF No. 200). On the same day, Plaintiff filed a Notice of Appeal to the Ninth Circuit. (ECF No. 201.)

On January 26, 2026, the Court issued an Order Setting Briefing Schedule for Plaintiff's pending motions (ECF Nos. 199, 200), which required any Defendant to file their Response to those motions by March 9, 2026. (ECF No. 202.)

On February 20, 2026, Defendants Charles Bair and Cooley LLP (together, "Moving Defendants") filed the pending Ex Parte Motion to Stay Pending Ninth Circuit Appeal ("Ex Parte Motion"). (ECF No. 208-1.) Moving Defendants contend that the Ninth Circuit lacks jurisdiction over Plaintiff's appeal of the Dismissal Order because "[t]hat order did not dispose of claims as to [D]efendant Biocept, and this Court did not enter a partial judgment under Federal Rule of Civil Procedure 54(b)."[1] *Id.* at 3. Moving Defendants request that the Court "stay the current [a]ction until the Ninth Circuit dismisses or resolves Plaintiff's [a]ppeal" of the Dismissal Order. *Id.* at 6.

On March 2, 2026, the Court issued an Order permitting Plaintiff to file a Response to the Ex Parte Motion. (ECF No. 209.)

On March 5, 2026, Plaintiff filed an Opposition to the Ex Parte Motion. (ECF No. 211.) Plaintiff contends that "resolution of the reconsideration motion is the necessary procedural next step before any appellate review." *Id.* at 2. Plaintiff contends that his

---

[1] On March 5, 2026, Moving Defendants filed a Notice of Defendants' Motion to Dismiss Appeal for Lack of Jurisdiction filed before the Court of Appeals for the Ninth Circuit, which moves to dismiss Plaintiff's appeal on that basis. (ECF No. 210.)

23-cv-1803-WQH-BLM

"timely motion" seeking reconsideration of the Dismissal Order "suspends finality" of the Dismissal Order for the purposes of seeking appeal. *Id.*

If a party files a motion "to alter or amend [a] judgment under Rule 59" or "for relief under Rule 60," then the party may not subsequently file an effective notice of appeal regarding the same judgment while that motion for relief remains under review. Fed. R. App. 4(a)(4). Federal Rule of Appellate Procedure 4 provides that, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *Id.* at 4(a)(4)(B)(i); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam) (holding that a "notice of appeal filed after the entry of the District Court's judgment but while the appellant's motion to alter or amend that judgment remained pending in the District Court" was a "nullity"); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motions prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions."); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) ("The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration.").

Here, the docket reflects that Plaintiff filed his Motion to Alter Judgment and Motion for Reconsideration (ECF Nos. 199, 200) prior to filing his Notice of Appeal (ECF No. 201). The Notice of Appeal does not divest this Court of jurisdiction over Plaintiff's pending motions seeking reconsideration of the Dismissal Order. Moreover, Plaintiff's Response in Opposition to the Ex Parte Motion clarifies his position that the motions pending before this Court (ECF Nos. 199, 200) should be adjudicated prior to his appeal of the Dismissal Order.

IT IS HEREBY ORDERED that the Ex Parte Motion to Stay Pending Ninth Circuit Appeal (ECF No. 208) is denied.

23-cv-1803-WQH-BLM

IT IS FURTHER ORDERED that Defendants shall file a response to the pending Motion to Alter Judgment (ECF No. 199) and Motion for Reconsideration (ECF No. 200) within thirty (30) days of the filing of this Order. Plaintiff may file a Reply within fifteen (15) days of the filing of any such response.

Dated:  March 26, 2026

Hon. William Q. Hayes
United States District Court

23-cv-1803-WQH-BLM