UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN CESARIO,

Plaintiff,

v.

BIOCEPT, INC.; CBIZ, INC.; MICHAEL W. NALL; CBIZ CPAS, P.C.; BRUCE E. GERHARDT; COOLEY LLP; BRUCE A. HUEBNER; JASON MCCARTHY; MARSHA A. CHANDLER; LIPPERT/HEILSHORN & ASSOCIATES, INC.; JODY CAIN; CHARLES BAIR; TIMOTHY C. KENNEDY; LYLE ARNOLD; MAXIM GROUP LLC; MICHAEL W. BROWN; AEGEA BIOTECHNOLOGIES INC.; CBIZ ADVISORS, LLC; STEPHAN FANUCCI; IVOR ROYSTON; DAVID HALE; MICHAEL RABINOWITZ; PAUL LAROSA; TIPTON EVANS; and ANDREW ROSEN,

Defendants.

Case No.:  23-cv-1803-WQH-BLM

**ORDER**

1

HAYES, Judge:

The matters before the Court are the Motion for Reconsideration (ECF No. 199) and the Motion to Alter Judgment (ECF No. 200) filed by Plaintiff John Cesario.

## I.   PROCEDURAL HISTORY

On September 29, 2023, Plaintiff John Cesario ("Plaintiff") initiated this action by filing a Complaint asserting claims under federal securities law related to a "penny stock pump and dump scam." (ECF No. 1.) On October 20, 2023, Plaintiff filed a First Amended Complaint. (ECF No. 4.)

On April 10, 2024, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 84.) On February 18, 2024, the Court granted motions to dismiss the SAC as to multiple Defendants. (ECF No. 163.)

On March 11, 2025, Plaintiff filed a Third Amended Complaint ("TAC"). (ECF No. 164.) On December 19, 2025, the Court issued an Order dismissing the TAC as to all Defendants, except Biocept, Inc ("Biocept)" because the company is undergoing Chapter 7 bankruptcy proceedings. (ECF No. 198 at 2 n.1, 25.)

On January 20, 2026, Plaintiff filed a Motion for Reconsideration (ECF No. 199) and a Motion to Alter Judgment (ECF No. 200). On January 23, 2026, Plaintiff filed a Supplement to the Motion for Reconsideration. (ECF No. 204.)

On April 24, 2026, the following Defendants filed Oppositions: Aegea Biotechnologies, Inc. (ECF Nos. 214, 215); CBIZ, Inc. and CBIZ Advisors, LLC (ECF No. 216); CBIZ CPAs P.C. (ECF No. 217); Cooley LLP and Charles Bair (ECF No. 218); Maxim Group LLC and Jason McCarthy (ECF No. 219); Lippert Heilshorn & Associates, Inc. (ECF No. 220); Bruce E. Gerhardt and Bruce A. Heubner (ECF No. 221); and Michael Nall and Timothy Kennedy (ECF No. 222). Plaintiff did not file a Reply.

## II.   CONTENTIONS

Plaintiff brings his Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 199 at 2.) Plaintiff "moves for relief from Judge Hayes's February 2025 Order, which rests on multiple, substantial errors of law." *Id.*; *see* ECF No. 163 (dismissing

Plaintiff's SAC). In a letter submitted with the Motion for Reconsideration, however, Plaintiff states that the motion is "[s]eeking relief from the Court's Order dated December 19, 2026, on the grounds of manifest legal errors and mistakes." (ECF No. 199 at 19.) In the Motion for Reconsideration, Plaintiff contends that the Court "failed to address most of the Plaintiff's allegations in his . . . Third Amended Complaint." *Id.* at 2. Plaintiff reiterates the contentions raised in earlier filings and identifies purported legal errors in the Court's December 19, 2025 Order (ECF No. 198), including whether "there was [a] legal obligation to file material agreements exhibits to quarterly and annual reports," whether certain Defendants "knowingly sign[ed] false quarterly reports, whether "Plaintiff failed to plead reliance" in his TAC, and whether the Court "disregard[ed] the pleaded facts demonstrating knowing and intentional misconduct." (ECF No. 199 at 5–6, 11, 14.)

Plaintiff brings his Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 200 at 2.) Plaintiff describes the allegations in the TAC, *id.* at 2–18, and contends that the Court's February 18, 2025 Order dismissing his SAC is "reversible error." *Id.* at 7; *see also* ECF No. 199 at 19 (stating that Motion to Alter Judgment seeks to "prevent manifest injustice resulting from the Court's Order dated February 18, 2025").

Defendants contend, as a general matter, that Plaintiff's motions are untimely, procedurally improper, and meritless because they merely "rehash[] all of [Plaintiff's] prior arguments he made in opposing defendants' motions to dismiss." (*See, e.g.*, ECF No. 222 at 6–10.)

### III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

23-cv-1803-WQH-BLM

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit states: "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (quotation and citation omitted).

Federal Rule of Civil Procedure 59(e) permits a court to "reconsider and amend a previous order" but is also an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation and citation omitted). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

## IV.   DISCUSSION

Plaintiff may seek reconsideration or alteration only of a final, appealable judgment. *Reed v. Paramo*, No. 18-CV-361 JLS (DEB), 2023 WL 5985519, at *2 (S.D. Cal. Sept. 14, 2023) ("Federal Rules of Civil Procedure 59(e) and 60(b) [] apply to motions for reconsideration of final appealable orders and relief from judgment.") (quotation and citation omitted); *Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, No. 15-CV-630-BTM-BLM, 2018 WL 3993354, at *3 (S.D. Cal. Aug. 21, 2018), *aff'd,* 796 F.

23-cv-1803-WQH-BLM

App'x 372 (9th Cir. 2019) ("Rule 59(e) and 60(b) apply only to final judgments and appealable interlocutory orders."). Here, the Court dismissed Plaintiff's Third Amended Complaint "as to all Defendants except for Biocept, Inc." because of the ongoing bankruptcy proceedings against Biocept. (ECF No. 198 at 2 n.1.) The parties did not request that partial final judgment be entered pursuant to Federal Rule of Civil Procedure 54(b), and the Court did not do so in its Order. (*See* ECF No. 209 at 2 n.1 (stating the same).) The Court has not entered a final, appealable judgment as to all parties in this action.

Upon review of the substance of Plaintiff's motions, the Court concludes that there is no new evidence, change in the law, or clear error in its reasoning that warrants reconsideration or alteration of its December 19, 2025 Order. (ECF No. 198.) Motions for reconsideration or the alteration of a judgment are not appropriate vehicles to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Anthony v. Cnty. of San Diego*, No. 25-CV-00310-DMS-MMP, 2026 WL 166374, at *1 (S.D. Cal. Jan. 20, 2026) (quotation and citation omitted). A "party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted).

Plaintiff raises contentions that have been discussed during briefing on the motions to dismiss throughout this action and adequately addressed in the Court's orders. (ECF Nos. 163, 198.) Plaintiff may not raise these contentions again to seek a "second bite at the apple" following the Court's adjudication of the motions to dismiss. *Huhmann v. FedEx Corp.*, No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001)); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because [the moving parties] simply reargued their case and offered no basis for withdrawal of the [court's] order, the district court did not abuse its discretion in denying the [Rule 60(b)]

23-cv-1803-WQH-BLM

motion."); *Smith v. Shartle*, No. CV-18-00323-TUC-RCC, 2019 WL 5653444, at *2 (D. Ariz. Oct. 31, 2019) (quotations omitted) ("A motion for reconsideration need not be granted if it asks the district court merely to rethink what the court had already thought through – rightly or wrongly."). The "extraordinary remedy" of reconsideration is not warranted in this action. *Kona Enters.*, 229 F.3d at 890.

The record indicates that Plaintiff seeks review of the Court's non-final Order dismissing his TAC as to all Defendants, except Biocept. (ECF No. 201 (Plaintiff's Notice of Appeal); ECF No. 213 (Ninth Circuit's dismissal of appeal for lack of jurisdiction).) In order to expedite Plaintiff's opportunity to seek such review in the Court of Appeal and there being no just reason for delay, the Court finds cause to enter judgment under Federal Rule of Civil Procedure 54(b) as to all claims against Defendants, except Biocept, in accordance with its December 19, 2025 Order (ECF No. 198). This Order constitutes notice that any party to this action opposing the entry of immediate judgment shall file a response within twenty-one (21) days showing cause as to why the Court should not enter judgment under Rule 54(b). If no party files a response, the Court will enter judgment as to all claims against all Defendants, except Biocept, pursuant to Rule 54(b).

## V.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter Judgment (ECF No. 199) and Motion for Reconsideration (ECF No. 200) are denied.

IT IS FURTHER ORDERED that any party opposing the entry of judgment in accordance with the Court's December 19, 2025 Order (ECF No. 198) dismissing claims against all Defendants, except Biocept, shall file a response no later than twenty-one (21) days from the filing of this Order.

Dated:  June 8, 2026

Hon. William Q. Hayes
United States District Court

23-cv-1803-WQH-BLM