# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOHN CESARIO,

Plaintiff,

v.

BIOCEPT, INC.; CBIZ, INC.; MICHAEL W. NALL; CBIZ CPAS, P.C.; BRUCE E. GERHARDT; COOLEY LLP; BRUCE A. HUEBNER; JASON MCCARTHY; MARSHA A. CHANDLER; LIPPERT/HEILSHORN & ASSOCIATES, INC.; JODY CAIN; CHARLES BAIR; TIMOTHY C. KENNEDY; LYLE ARNOLD; MAXIM GROUP LLC; MICHAEL W. BROWN; AEGEA BIOTECHNOLOGIES INC.; CBIZ ADVISORS, LLC; STEPHAN FANUCCI; IVOR ROYSTON; DAVID HALE; MICHAEL RABINOWITZ; PAUL LAROSA; TIPTON EVANS; and ANDREW ROSEN,

Defendants.

Case No.: 23-cv-1803-WQH-BLM

**ORDER**

1

23-cv-1803-WQH-BLM

HAYES, Judge:

On December 19, 2025, the Court issued an Order dismissing Plaintiff John Cesario's ("Plaintiff") Third Amended Complaint ("TAC") as to all Defendants, except Biocept, Inc ("Biocept"). (ECF No. 198 at 2 n.1, 25.) The parties did not request that the Court enter partial final judgment under Federal Rule of Civil Procedure 54(b), and the Court did not do so. *Id.* at 25; *see* ECF No. 209 at 2 n.1 (stating the same).

On January 20, 2026, Plaintiff filed a Motion for Reconsideration (ECF No. 199) and a Motion to Alter Judgment (ECF No. 200).

On April 24, 2026, the following Defendants filed Oppositions: Aegea Biotechnologies, Inc. (ECF Nos. 214, 215); CBIZ, Inc. and CBIZ Advisors, LLC (ECF No. 216); CBIZ CPAs P.C. (ECF No. 217); Cooley LLP and Charles Bair (ECF No. 218); Maxim Group LLC and Jason McCarthy (ECF No. 219); Lippert Heilshorn & Associates, Inc. (ECF No. 220); Bruce E. Gerhardt and Bruce A. Heubner (ECF No. 221); and Michael Nall and Timothy Kennedy (ECF No. 222). Plaintiff did not file a Reply.

On June 8, 2026, the Court issued an Order denying Plaintiff's Motion for Reconsideration (ECF No. 199) and Motion to Alter Judgment (ECF No. 200). (ECF No. 224.) The Court stated:

> The record indicates that Plaintiff seeks review of the Court's non-final Order dismissing his TAC as to all Defendants, except Biocept. (ECF No. 201 (Plaintiff's Notice of Appeal); ECF No. 213 (Ninth Circuit's dismissal of appeal for lack of jurisdiction).)

> In order to expedite Plaintiff's opportunity to seek such review in the Court of Appeal and there being no just reason for delay, the Court finds cause to enter judgment under Federal Rule of Civil Procedure 54(b) as to all claims against Defendants, except Biocept, in accordance with its December 19, 2025 Order (ECF No. 198).

> This Order constitutes notice that any party to this action opposing the entry of immediate judgment shall file a response within twenty-one (21) days showing cause as to why the Court should not enter judgment under Rule 54(b). If no party files a response, the Court will enter judgment as to all claims against all Defendants, except Biocept, pursuant to Rule 54(b).

23-cv-1803-WQH-BLM

*Id.* at 6.

On July 6, 2026, Plaintiff filed an Objection to the Court's June 8, 2026 Order. (ECF No. 225.) Plaintiff reiterates his contentions in the Motion for Reconsideration and Motion to Alter Judgment. Plaintiff also "requests that the Court adjudicate" his "gross negligence claims against the CBIZ Defendants [and] Plaintiff's fiduciary duty claims against Biocept's directors and executive officers" before entering final judgment to "clarify the issues for appellate review and [to] ensure that all claims asserted in the [TAC] have been fully adjudicated." *Id.* at 15.

In its December 19, 2025 Order dismissing Plaintiff's TAC, the Court did not address a gross negligence claim against Defendants CBIZ, Inc.; CBIZ Advisors, LLC; or CBIZ CPAs P.C. because Plaintiff did not assert a cause of action for gross negligence against those Defendants. (TAC at 57–61; *see also* ECF No. 198 at 9 (listing the causes of action in Plaintiff's TAC).) The Court did address and dismiss Plaintiff's claim for breach of fiduciary duty asserted against Defendants Michael W. Nall, Timothy C. Kennedy, Bruce E. Gerhardt, and Bruce A. Huebner. (ECF No. 198 at 21; *see also* ECF No. 163 at 64–66 (discussing claims for aiding and abetting violations of fiduciary duty asserted in Plaintiff's Second Amended Complaint).) Plaintiff's Objection (ECF No. 225) does not provide adequate reason to delay the entry of final judgment.

There being no just reason for delay, the Court finds good cause to enter judgment as to all claims against all Defendants, except Biocept, pursuant to Federal Rule of Civil Procedure 54(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

23-cv-1803-WQH-BLM

IT IS HEREBY ORDERED that, pursuant to the Court's December 19, 2025 Order (ECF No. 198), the Clerk of the Court shall enter judgment of dismissal without leave to amend against Plaintiff and in favor of all Defendants except Biocept, pursuant to Federal Rule of Civil Procedure 54(b).

IT IS FURTHER ORDERED that Plaintiff's Objection (ECF No. 225) is overruled.

Dated:  July 13, 2026

Hon. William Q. Hayes
United States District Court

4

23-cv-1803-WQH-BLM